UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Patrick E. Dullen**

    v.                                        Civil No. 15-cv-30-LM

**Preservation Management, Inc.**

**REPORT AND RECOMMENDATION**

Before the court is Patrick E. Dullen's first amended complaint (doc. no. 6),[1] which is the operative complaint in this matter, filed in response to the court's May 20, 2015 Order (doc. no. 5). In this action, Dullen alleges that defendant, Preservation Management Inc. ("PMI"), has violated Dullen's rights under the federal constitution and is liable to Dullen under state law. The matter is here for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Background**

Dullen lives in a subsidized housing development, Pratt Homes, in Nashua, New Hampshire. Dullen's residence is apparently owned and/or managed by PMI, with which Dullen has a contractual relationship. Dullen alleges that PMI, through its employees, has: (1) engaged in unfair rent collection practices

---

[1]The First Amended Complaint is construed to include the attachments to the original Complaint (doc. no. 1, pp. 13-19).

by improperly inflating Dullen's rent, and/or by allowing improper rent information to go uncorrected; (2) allowed unsafe living conditions on the property to persist; and (3) breached Dullen's privacy interest in the status of his rent payments. Dullen asserts that these acts and omissions render PMI liable under state law for breach of contract, fraud, violation of privacy, and negligence, and that PMI has violated Dullen's rights under the Fourteenth Amendment Equal Protection Clause.

## Discussion[2]

### I. State Law Claims

Dullen has asserted sufficient facts to allow his claims for negligence, breach of contract, fraud, and violation of privacy to proceed against PMI. In an order issued on this date, the court directs service of the First Amended Complaint (doc. no. 6), including the attachments to the original Complaint (doc. no. 1, at pp. 13-19), upon PMI.

### II. Federal Constitutional Claim

Dullen asserts that defendant PMI has denied him equal protection of the laws, in violation of the Fourteenth Amendment. The Fourteenth Amendment prohibits only state

---

[2]The court applies the same standard for conducting a preliminary review of the first amended complaint that is set forth in the May 20, 2015 Order (doc. no. 5).

action, and "erects no shield against merely private conduct, however discriminatory or wrongful." United States v. Morrison, 529 U.S. 598, 621 (2000). Accordingly, Dullen cannot assert a federal constitutional claim against PMI, a private party, for private conduct, and the Fourteenth Amendment claim should be dismissed from this action. See Reyes-Garay v. Integrand Assur. Co., 818 F. Supp. 2d 414, 434 (2011) (landlord of subsidized property is not liable for due process violations as landlord "is in no way clothed with authority of the state and thus [is] not a state actor").

## Conclusion

For the foregoing reasons, the court recommends dismissal of Dullen's claim asserting a violation of his equal protection rights under the Fourteenth Amendment. In an Order issued simultaneously with this Report and Recommendation, the court directs service of the complaint, to the extent it asserts claims under state law, on defendant PMI.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's Order. See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 6, 2015

cc: Patrick Dullen, pro se